IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM BARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-03105-CV-S-ODS |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING
BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his applications for a period of disability, disability insurance benefits, and supplemental security income. For the following reasons, the Commissioner's decision is reversed, and the case is remanded for further proceedings.

## I.      STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination of whether the decision is "supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance but…enough that a reasonable mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome, or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the Commissioner, this standard also requires the Court consider evidence that fairly detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015) (citation omitted). Substantial evidence means "more than a mere scintilla" of evidence; it is relevant evidence a reasonable mind might accept as adequate to support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II.   BACKGROUND

Plaintiff was born in 1962 and has a ninth-grade education.  R. at 20, 50-51, 189, 191.  He previously worked as a truck driver and welder.  R. at 20, 55-58, 208, 246-50. In August 2016, Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income, alleging a disability onset date of November 30, 2013.  R. at 189-99.  Plaintiff's applications were denied, and he requested a hearing before an administrative law judge ("ALJ").  R. at 84-107, 110-15, 119-21.  In May 2018, a hearing was held before ALJ Victor Horton.  R. at 45-83.  In September 2018, the ALJ issued his decision, finding Plaintiff was not disabled.  R. at 10-22.

In rendering his decision, the ALJ found Plaintiff had the following severe impairments: residuals from history of left shoulder injury, status post-surgical intervention; degenerative joint disease, left shoulder; osteoarthritis; and obesity.  R. at 13.  The ALJ concluded Plaintiff had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels but with the following limitations:

> [T]he claimant has no limitation with lifting with the right, dominant arm; and with the left, non-dominant arm, no limitation from floor to tabletop; table top to shoulder, 30 pound limitations[;] and above the shoulder, 8 pound limitation.  He can climb stairs and ramps frequently, but never climb ladders and scaffolds.  He has no limitation with the right dominant arm, pushing and pulling; but with the left arm, pushing and pulling is limited to frequent and the weight limitations as above.  He has no restrictions with the right, dominant arm reaching in all directions, including overhead, but the left, non-dominant arm reaching in all directions, including overhead, is limited to frequent and with the weight limitations as above.  He must avoid concentrated exposure to extreme cold and vibrations, further defining vibrations as performing jobs such as operating jackhammers or other equipment, where the operator is significantly vibrated.  He must avoid all hazards o[r] heights.

R. at 15.  Based upon the record, the RFC, and the testimony of a vocational expert ("VE") at the hearing, the ALJ determined Plaintiff could return to his past relevant work as a "truck driver, heavy" and could also work as a janitor and cook helper.  R. at 19-21. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied his appeal.  R. at 1-3.  Plaintiff now appeals to this Court.

## III.  DISCUSSION
### A.  The ALJ's RFC

Plaintiff argues the ALJ, in formulating the RFC, improperly substituted his lay judgment for medical opinions and evidence.  One's RFC is the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ must base the RFC on "all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations."  *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000).  Because Plaintiff's RFC is a medical question, "an ALJ's assessment of it must be supported by some medical evidence of [Plaintiff's] ability to function in the workplace."  *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016) (citation omitted).  "However, there is no requirement that an RFC finding be supported by a specific medical opinion."  *Id.*

### (1)  Ability to Reach

Plaintiff was discharged in October 2014 from physical therapy for his left shoulder, post-surgery.  In Dr. Daniel Buss's opinion, Plaintiff did not have any weight restrictions lifting from floor to tabletop, but he was limited to lifting twenty pounds from tabletop to shoulder and limited to eight pounds above shoulder.  R. at 396.  The ALJ incorporated these limitations in the RFC.  R. at 15.  However, Dr. Buss also concluded Plaintiff must avoid repetitive use above shoulder and repetitive outstretched reaching with elbow greater than four to six inches from body.  R. at 396.  Yet, the ALJ's RFC indicates Plaintiff can frequently reach "in all directions, including overhead" with his left arm but with the weight limitations set forth in the RFC.  R. at 15.  The ALJ does not cite any portion of the record or otherwise explain what supports his finding that Plaintiff is able to frequently reach in all directions with his left arm.  Thus, this limitation is not supported by medical evidence.

### (2)  Ability to Pull

The state agency medical consultant, Dr. Kevin Threlkeld, concluded Plaintiff's ability to push and/or pull with his left shoulder was "limited."  R. at 89.  In addition, Plaintiff testified he is unable to use a push mower anymore.  R. at 70.  Although no

other evidence establishes Plaintiff's ability to push and/or pull is better than he testified or as Dr. Threlkeld concluded, the ALJ's RFC represents Plaintiff can frequently push and pull with his left arm.  R. at 15, 396.  Accordingly, this limitation is also not supported by medical evidence.

### (3)  Limitations Associated with Neck

Plaintiff testified to and reported problems with his neck, and the medical records indicate Plaintiff suffered from neck pain and had difficulties with his neck.  R. at 61-64, 82, 221, 294-96, 298, 300-03, 306, 324-25, 327-29, 334-51, 356-64, 371-74, 384, 399, 402-03, 419, 472, 478, 500, 529, 551, 565, 595-99, 600, 607.  The ALJ did not discuss whether Plaintiff had a severe (or non-severe) impairment related to his neck.  Consequently, it is unlikely any limitations associated with Plaintiff's neck were included in the ALJ's RFC.  Because the RFC does not clearly include limitations associated with Plaintiff's neck, the RFC does not accurately depict the most Plaintiff is able to do.

### (4)  Instructions Upon Remand

For all the foregoing reasons, the ALJ's RFC is not supported by medical evidence and fails to include relevant evidence from the medical records, Plaintiff's testimony, and medical opinions.  Upon remand, the ALJ must set forth limitations in the RFC that are supported by medical evidence and shall identify the medical evidence supporting the limitations.

### B.  Development of the Record

Plaintiff contends the record was not adequately developed, particularly regarding medical ailments and treatment in 2017 and 2018.  "While a claimant for benefits has the burden of proving a disability, the Secretary has the duty to develop the record fully and fairly, even if…the claimant is represented by counsel."  *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992); 20 C.F.R. § 416.919a(b).  When the medical records do not provide sufficient information to make an informed decision, the ALJ may order a consultative examination.  *Id.* (citing 20 C.F.R. § 416.917).  "It is

reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." *Id.* (citations omitted).

In early 2017, Plaintiff was involved in a serious motor vehicle accident. Due to lack of finances and/or insurance, Plaintiff's post-accident treatment was limited. Plaintiff argues that although he received medical treatment in 2017 and 2018, the ALJ's decision (issued on September 10, 2018) does not discuss opinions beyond October 2016. The ALJ specifically mentions one medical record from 2017 but does not otherwise mention other medical treatment from 2017 or 2018. R. at 13.

There are at least two references to Plaintiff's motor vehicle accident in his medical records. R. at 565, 594. But the ALJ does not discuss the motor vehicle accident or any limitations caused by the motor vehicle accident. R. at 16, 17, 19. In one of these records, Plaintiff, on October 17, 2017, reported to Dr. Tyler Oakley that he was involved in a motor vehicle accident and "hasn't been right since." R. at 565. In the other record, dated January 18, 2018, Plaintiff reported pain in his neck, left shoulder, and low back to Dr. Chukwudi Chiaghana. R. at 595. He rated his pain a 7 out of 10. *Id.* Physical examination revealed decreased range of motion in his neck and "inability to abduct the left arm." R. at 598. He was diagnosed with left shoulder pain and neck pain. *Id.* In addition to the ALJ not discussing these medical records, there are no medical opinions as to limitations arising from the motor vehicle accident.

Here, the record does not provide sufficient evidence to determine whether Plaintiff experiences additional limitations associated with the motor vehicle accident. Thus, upon remand, the ALJ is ordered to obtain a consultative examination to determine the extent of Plaintiff's physical limitations. Upon receipt of the consultative examination, the ALJ must re-evaluate and reformulate the RFC and obtain evidence from a VE identifying jobs Plaintiff can perform under the revised RFC.

### C.    Appointments Clause

After the hearing was held but before the ALJ issued his decision, the United States Supreme Court decided *Lucia v. Securities & Exchange Commission*, 138 S. Ct. 2044 (2018). Therein, the Supreme Court held ALJs of the Securities and Exchange Commission ("SEC") are officers under the Appointments Clause of the Constitution,

and thus, can only be appointed by the President, a court, or a department head.  *Id.* at 2051-55; U.S. Const. art. II, § 2, cl. 2.

Pursuant to *Lucia*, Plaintiff argues the appointment of Social Security Administration ALJs are subject to the Appointments Clause.  Because ALJ Horton was not properly appointed when he conducted the hearing, Plaintiff contends the ALJ's decision is void.  Defendant argues Plaintiff did not timely assert his Appointments Clause challenge, thereby waiving the argument.  Plaintiff concedes he did not raise the issue until he filed his appeal with this Court.  Nevertheless, this issue is rendered moot with the Court's decision to reverse and remand the matter for further proceedings, which includes a hearing before an ALJ.

### IV.     CONCLUSION

For the foregoing reasons, the Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this Order.

IT IS SO ORDERED.

DATE: November 19, 2019

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT